UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

134 COVENTRY, LLC,

                                        Plaintiff,

            – against –

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
THE LSF9 MASTER PARTICIPATION TRUST,

                                        Defendant.

Civil Action No.:

**VERIFIED COMPLAINT**

Plaintiff, 134 Coventry, LLC ("Plaintiff"), by and through its counsel, Abrams Fensterman, LLP, as and for its Complaint against defendant, U.S. Bank Trust, N.A., as Trustee for the LSF9 Master Participation Trust ("Defendant" or "US Bank"), hereby alleges as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action pursuant to, among others, Article 15 of the Real Property Actions and Proceedings Law of the State of New York ("RPAPL") to compel a determination of claims to real property located at 80 Park Avenue, Unit 2L, New York, New York 10016, Block No. 868, Lot No. 1216, New York County (the "Premises" or the "Property").

## PARTIES

2.     Plaintiff is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business located in Suffolk County, New York.

3.     All of Plaintiff's members are domiciled in, and are citizens of, the

State of New York.

4.     Upon information and belief, Defendant is a national banking organization that is incorporated under the law of the State of Delaware which maintains its principal place of business in the State of Minnesota.

5.     Upon information and belief, Defendant is not an infant, mentally retarded, mentally ill or an alcohol abuser.

6.     Plaintiff hereby alleges that all claims which Defendant may assert as to the Premises are invalid and of no force and effect.

7.     The judgment in this action will not affect a person or persons not in being or not ascertained at the commencement of this action, who by any contingency contained in a devise or grant or otherwise could afterward become entitled to a beneficial estate or interest in the Premises involved.

<u>JURISDICTION AND VENUE</u>

8.     This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1348.

9.     There is complete diversity of the parties insofar as all of Plaintiff's members are citizens of the State of New York and Defendant has been deemed to be a citizen of the State of Minnesota for diversity purposes given the fact that Defendant's main office is located in Minnesota.

10.     In addition to the complete diversity of the parties, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs as, among other things, the principal debt alleged to be secured by the subject mortgage

is $361,200.00.

11.    Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Southern District of New York is the District where the subject Premises is located and because this is the District where a substantial amount of the activities forming the basis of this Complaint occurred.

## THE PREMISES

12.    Plaintiff is the exclusive owner, in fee simple, of the Premises.

13.    Plaintiff's ownership interest is pursuant to a Deed, dated January 27, 2021, from non-party 80 P2L LLC, as grantor, to Plaintiff, as grantee (the "Deed").

14.    A true and correct copy of the Deed is annexed as Exhibit "A."

### *The Mortgage*

15.    According to the land records of the Premises, on or about March 18, 2005, non-party Michele Hipshman Zar ("Zar") allegedly executed and delivered a mortgage in favor of Washington Mutual Bank, FA ("WaMu") in the principal amount of $361,200.00 (the "Mortgage").

16.    According to the land records of the Premises, the Mortgage was recorded in the Office of the City Register of the City of New York on April 18, 2005.

17.    A true and correct copy of the Mortgage is annexed hereto as Exhibit "B".

18.    The Mortgage purportedly secured an indebtedness from Zar to WaMu in the principal amount of $361,200.00, as evidenced by a written promissory note (the "Note"), dated March 18, 2005.

19.     In 2008, WaMu's assets, including the Note and Mortgage, were placed into the receivership of the Federal Deposit Insurance Corporation ("FDIC") and purchased by JPMorgan Chase Bank, NA ("Chase") pursuant to the terms and conditions of a Purchase and Assumption Agreement dated September 25, 2008.

20.     According to the land records of the Premises, an assignment of the Mortgage in favor of Chase from the FDIC as WaMu's receiver was recorded in the Office of the City Register of the City of New York on June 2, 2015.

21.     According to the land records of the Premises, the Note and Mortgage were thereinafter assigned from Chase to US Bank pursuant to an Assignment of Mortgage dated December 31, 2014 and recorded in the Office of the City Register of the City of New York on June 2, 2015.

22.     US Bank is the current owner and holder of the Note and Mortgage.

### _The Prior Quiet Title Action_

23.     In 2015, non-party, 80P2L LLC ("80P2L"), the then record owner of the Premises, commenced an action in the Supreme Court of the State of New York, County of New York, under Index No. 153849/2015, against Chase to cancel and discharge the Mortgage (the "2015 Quiet Title Action").

24.     On or about September 15, 2016, pursuant to a so-ordered stipulation, US Bank was substituted into the 2015 Quiet Title Action as the sole defendant, in place and stead of WaMu and Chase.

25.     The so-ordered stipulation further provides, among other things, that the beneficial interest in the Mortgage had been assigned to US Bank.

4

26.    By Decision, Order and Judgment, dated September 3, 2019 (the "September 2019 Order and Judgment"), the Supreme Court, New York County, granted 80P2L's motion for summary judgment in the 2105 Quiet Title Action.

27.    In the September 2019 Order and Judgment, the Supreme Court, New York County, cancelled and expunged the Mortgage from the public record and declared that the same was void and unenforceable as against the Premises, stating as follows:

> ORDERED and ADJUDGED that, upon reargument, [80P2L's] motion for summary judgment (motion sequence 001) is granted, and defendant's mortgage, recorded in the Office of the City Register of the City of New York on April 18, 2005 as number CRFN 2005000221020 in favor of Washington Mutual Bank, NA is hereby vacated, cancelled, and expunged from the public record, and is void and unenforceable against the property.

28.    The September 2019 Order and Judgment further barred US Bank and every other person or entity claiming under US Bank from all claims to the estate or interest in the Premises, stating as follows:

> ORDERED and ADJUDGED that defendant and every person or entity claiming under it be forever barred from all claims to an estate or interest in the property at 80 Park Avenue, Apartment 2L, New York, New York (Block: 868, Lot: 1216) to the extent that any such claim may be asserted to be superior to [80P2L's] interest in the same.

***Plaintiff Purchases the Property Free and Clear of the Mortgage Pursuant to the September 2019 Order and Judgment***

29.    On or about January 27, 2021, Plaintiff purchased the Premises from

80P2L for $386,700.

30.    Said consideration constitutes valuable consideration.

31.    Plaintiff is a good faith purchaser for value within the meaning of CPLR 5523.

32.    A deed to the Premises was delivered to Plaintiff, and duly recorded in the New York County Clerk's Office on or about February 16, 2021 at CRFN 2021000056273 (the "Deed," as set forth above).

33.    The Premises was conveyed to Plaintiff only *after* issuance and entry of the September 2019 Order and Judgment canceling and voiding the Mortgage.

34.    Thus, the Premises was conveyed to Plaintiff while the September 2019 Order and Judgment canceling and voiding the Mortgage, and declaring the Premises free and clear therefrom, was in force and effect.

35.    Because the Premises was conveyed to Plaintiff subsequent to the issuance of the September 2019 Order and Judgment cancelling and expunging and declaring void the Mortgage, Plaintiff acquired title to the Property free and clear of the Mortgage.

36.    Enforcement of the September 2019 Order and Judgment was never stayed by any court.

37.    No notice of pendency affecting the property was in effect at the time Plaintiff acquired title to the Premises.

38.    At the time Plaintiff acquired title to the Premises, there was no stay prohibiting the transfer of title to the Premises.

39.    At the time Plaintiff acquired title to the Premises, the September 2019 Order and Judgment had not been reversed, vacated or set aside.

40.    Plaintiff was entitled to rely upon the September 2019 Order and Judgment as a final adjudication in acquiring title to the Premises.

41.    At the time title was conveyed to Plaintiff, 80P2L had the right to transfer or otherwise dispose of the Premises, unrestricted by the Mortgage, notwithstanding the pendency of an appeal from the September 2019 Order and Judgment.

### *The Appellate Division, First Department Reverses the September 2019 Judgment Subsequent to the Conveyance to Plaintiff*

42.    In a decision dated May 25, 2021 – some four (4) months after the Property had been conveyed to Plaintiff pursuant to the Deed – the Appellate Division, First Department issued an order which, among other things, reversed the September 2019 Order and Judgment (the "Appellate Division Order"). *See 80P2L LLC v. United States Bank Trust, N.A.*, 194 A.D.3d 593, 150 N.Y.S.3d 23 (1st Dep't 2021).

43.    As noted, title was conveyed to Plaintiff *before* issuance of the Appellate Division Order.

44.    Plaintiff was never joined to the 2015 Quiet Title Action.

45.    Defendant/its agents caused the Appellate Division Order to be recorded in the public land records after Plaintiff recorded its Deed.

46.    Under CPLR 5523, Plaintiff's title to the Premises is insulated from the effects of the Appellate Division Order.

47.    In light of the foregoing, Defendant has no just claim to an estate, trust, or other interest in the Premises.

48.    As a result, Plaintiff is entitled to a determination that its interest in the Premises is free and clear of the Mortgage, notwithstanding the Appellate Division Order.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Quiet Title/Discharge Mortgage Pursuant to RPAPL §1501(1))

49.    Plaintiff repeats and realleges each of the allegations contained in the paragraphs set forth above as if more fully set forth at length herein.

50.    As set forth above, at the time title was conveyed to Plaintiff, 80P2L had the right to transfer or otherwise dispose of the Premises, unrestricted by the Mortgage, notwithstanding the pendency of an appeal from the September 2019 Order and Judgment.

51.    Because the Premises was conveyed to Plaintiff subsequent to the issuance of the September 2019 Order and Judgment cancelling and expunging and declaring void the Mortgage, Plaintiff acquired title to the Property free and clear of the Mortgage.

52.    In light of the foregoing, Defendant has no just claim to an estate, trust, or other interest in the Premises.

53.    As a result, Plaintiff is entitled to a determination that its interest in the Premises is free and clear of the Mortgage, notwithstanding the Appellate Division Order.

54.    Plaintiff is similarly entitled to a declaration that Defendant, its

successors and/or assigns, all persons or entities claiming under and/or acting in concert with Defendant, is forever barred and precluded from asserting any claims to an estate, trust or other interest in the subject Premises, in accordance with the September 2019 Order and Judgment, subject to which Plaintiff acquired the Premises.

55.    Upon information and belief, however, Defendant, based upon the aforementioned Mortgage, may claim an estate or interest in the Premises that is adverse to Plaintiff.

56.    Specifically, upon information and belief, Defendant may still claim to hold a valid lien on the Premises as mortgagee.

57.    Therefore, pursuant to RPAPL § 1501, any estate or interest that Defendant ever had or claims to have had in the Premises or in any part thereof and any and all liens or encumbrances thereon that may have existed or be claimed to have existed in favor of Defendant are now null and void and of no force or effect as against the estate and interest of Plaintiff in and to the Premises, and Plaintiff now holds the Premises free and clear from any claim, lien, or encumbrance relating to or in any way associated with the Mortgage and Defendant.

58.    Defendant claims or may claim to have, or it appears by the public records that it may claim, some estate or interest in the Premises which belongs to Plaintiff, directly or indirectly, or that it appears Defendant claims or may claim to have, or it appears by the public records that it may claim some estate or interest in part of the Premises, the exact nature, extent, and quality of which claims, except as

herein specified, are currently unknown to Plaintiff.

59.    The Mortgage interest is a property interest which is adverse to Plaintiff's interest in the Premises.

60.    Defendant is not in possession of the Premises.

61.    Defendant's claimed interest in the Premises will interfere with Plaintiff's lawful and just rights in and to the Premises.

62.    Upon information and belief, no other person or entity has claimed, or may claim any estate, trust, or other interest in the Premises other than the Defendant.

63.    Pursuant to CPLR 5523, Plaintiff's title shall not be affected by the appellate reversal of the September 2019 Order and Judgment.

64.    As a result of the foregoing, Plaintiff demands judgment pursuant to CPLR 5523 and RPAPL § 1501(1) that Plaintiff acquired good title to the Premises that was free and clear from encumbrances, encroachments and material defects, including title free and clear of any lien, estate or interest in favor of Defendant and that the title Plaintiff obtained was unaffected by the appellate reversal of the September 2019 Order and Judgment.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully prays for a judgment as follows:

a.    On the First Cause of Action, (i) adjudging the estate and interest of Plaintiff in the Premises to be free and clear from any estate, encumbrance, or other interest of Defendant, under and/or acting in concert with said

Defendant; (ii) declaring that Plaintiff's title shall not be affected by the appellate reversal of the September 2019 Order and Judgment; (iii) declaring that Defendant, its successors and/or assigns and all persons or entities claiming under and/or acting in concert with said Defendant, be forever barred and precluded from asserting any claims to an estate, encumbrance, trust, or other interest in the subject Premises; and

      b.    On all counts, granting such other and further relief as the Court may deem just, proper and equitable.

Dated:      Lake Success, New York
              January 9, 2023

                              ABRAMS FENSTERMAN, LLP

              By:    _____
                              Christopher A. Gorman
                              3 Dakota Drive, Suite 300
                              Lake Success, New York 11042
                              (516) 328-2300
                              *Attorneys for Plaintiff*

# VERIFICATION

STATE OF NEW YORK      )
                             ) ss.:
COUNTY OF SUFFOLK )

PAULA MILLER, being duly sworn, deposes and says:

That he is an authorized representative of the Plaintiff in the above-captioned action; that he has read the foregoing Verified Complaint and knows the contents thereof upon his personal knowledge, and that the same is true to deponent's own knowledge except as to the matters therein alleged upon information and belief, and as to those matters deponent believes them to be true.

Paula Miller

Sworn to before me this
9 day of January, 2023

Notary Public

MARY E. MARTINEZ
Notary Public, State of New York
No. 01MA6049088
Qualified in Suffolk County
Commission Expires Feb. 24, 20 27

12