UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
                                                                     :
134 COVENTRY, LLC,                                                   :
                                                                     :          23 Civ. 181 (PAE)
                                         Plaintiff,                  :
                                                                     :              ORDER
                    -v-                                              :
                                                                     :
U.S. BANK TRUST, N.A., AS TRUSTEE FOR THE                            :
LSF9 MASTER PARTICIPATION TRUST,                                     :
                                                                     :
                                         Defendant.                  :
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

      This order seeks additional information from defendant U.S. Bank Trust, N.A. relevant to the Court's determination of its subject matter jurisdiction.

      On April 20, 2023, plaintiff 134 Coventry, LLC filed an amended complaint, asserting the parties' diversity of citizenship as the sole basis for federal jurisdiction. Dkt. 22 ("AC"). The AC alleges that plaintiff's members are citizens of New York, AC ¶ 3, and that, based on 28 U.S.C. § 1348, defendant is a citizen of Minnesota. *See* AC ¶ 4; *see also Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located").

      A thorough analysis as to existence of diversity jurisdiction, however, requires more. Here, plaintiff sues defendant solely in its capacity as a trustee for the LSF9 Master Participation Trust (the "Trust"). Where a party is sued as a trustee, its citizenship—as opposed to that of its beneficiaries—may not be dispositive. That is because "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). And "a trustee is a real

1

party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others," *id.* at 464; otherwise, a trust possesses "the citizenship of its members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). Although neither side identified this issue in briefing on the pending motion to dismiss, the Court raises it here, as it has an "independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

To enable the Court to determine whether there is diversity of citizenship, the Court directs defendant—by Monday, September 11, 2023—to file a sworn declaration answering two questions. First, what are the powers that defendant here holds as trustee? Such will enable the Court to gauge whether defendant's powers as trustee satisfy the criteria established in *Navarro*. Defendant is to attach documentation enabling the Court independently to determine these powers. Second, who are the Trust's beneficiaries, and what is each beneficiary's citizenship? Defendant's declaration is to set out the distinct bases for its factual representations as to these potentially decisive points.[1]

---

[1] Plaintiff's AC pled diversity based on defendant's citizenship, but, as noted, did not consider the possibility that the Trust's beneficiaries' citizenship would instead prove dispositive. Although it was plaintiff's burden to establish diversity, the facts sought herein as to defendant's powers as trustee and the citizenship of its beneficiaries are uniquely known to defendant. Rather than inviting plaintiff to pursue jurisdictional discovery on these points, the Court, in the interest of efficiency, herein tasks defense with producing this information. In the unlikely event that defendant's September 11 declaration leaves the pertinent facts unclear, the Court will entertain whether to commission such discovery. *See, e.g., Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) ("The Court has authority to order jurisdictional discovery to allow [a party] the opportunity to demonstrate subject matter jurisdiction.").

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 5, 2023
      New York, New York