UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

134 COVENTRY, LLC,

                                                 Plaintiff,

                                    -v-

U.S. BANK TRUST, N.A., AS TRUSTEE FOR THE LSF9
MASTER PARTICIPATION TRUST,

                                                 Defendant.

23 Civ. 181 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff 134 Coventry LLC ("134 Coventry") seeks here to quiet title to real property under Article 15 of New York's Real Property Actions and Proceedings Law ("RPAPL") §§ 1501(1) and 1501(4). Defendant U.S. Bank Trust ("U.S. Bank") moves to dismiss 134 Coventry's First Amended Complaint (the "FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the Court denies the motion.

I. Background

    A. Factual Background[1]

        1. The Mortgage

On March 18, 2005, non-party Michele Hipshman Zar (the "First Owner") purchased a condominium unit in Manhattan's Murray Hill neighborhood (the "Property"). FAC ¶¶ 15, 18.

---

[1] The Court draws the facts in this decision from the FAC, Dkt. 22, and from documents filed in the various state-court actions, which are cited in the FAC. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). These documents are reproduced in various filings, in particular the declaration of Harry K. Tiwari in support of U.S. Bank's motion, and attached exhibits, Dkt. 26 ("Tiwari Decl."), and in exhibits attached to 134 Coventry's brief in opposition, Dkt. 32 ("Pl. Br."). For purposes of U.S. Bank's motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in

1

To finance the purchase, she took out a $361,200 mortgage (the "Mortgage") with Washington Mutual Bank. *Id.* A month later, on April 18, 2005, the Mortgage was recorded in the Office of the City Register of the City of New York. *Id.* ¶ 16. On December 31, 2014, after a series of transactions, U.S. Bank purchased the Mortgage; the transfer was recorded on June 2, 2015. *See id.* ¶¶ 18, 21. U.S. Bank is the current holder of the Mortgage. *Id.* ¶ 22.

### 2. The Three Prior State Lawsuits

This case relates to three prior lawsuits in New York State Supreme Court. Events in each overlap, so it is useful to consider each in turn.

#### a. The First Foreclosure Action

On February 7, 2012, after the First Owner defaulted, U.S. Bank's predecessor-in-interest commenced a foreclosure action (the "First Foreclosure Action") against the First Owner in New York State Supreme Court to foreclose on the Mortgage. *See* Tiwari Decl., Ex. 2 at 18; *see also U.S. Bank Tr., N.A., ex rel. LSF9 Master Participation Tr. v. Zar*, No. 810027/2012 (N.Y. Sup. Ct., N.Y. County), Dkt. 1. On May 9, 2016, the state court entered a judgment of foreclosure and sale. *See* Tiwari Decl., Ex. 3. Six years later, on July 15, 2022, U.S. Bank, now substituted as plaintiff, noticed a sale of the Property for January 11, 2023. *See id.*, Ex. 5. It is unclear whether a sale occurred at that time; no post-sale deed has been recorded. *See id.*, Ex. 6 (land records). The First Owner remains the defendant in the First Foreclosure Action. FAC ¶ 53.

#### b. The Second Foreclosure Action

On January 24, 2014, the Property's board of managers ("the Board") commenced a foreclosure action (the "Second Foreclosure Action"), also against the First Owner in New York

---

the FAC as true and draws all reasonable inferences in 134 Coventry's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

State Supreme Court, to foreclose on a lien filed against the First Owner for unpaid common charges. *See Bd. of Managers of the 80 Park Ave. Condo. v. Zar*, No. 150651/2014 (N.Y. Sup. Ct., N.Y. County), Dkt. 1. On September 5, 2014, the state court entered a judgment of foreclosure and sale. *Id.*, Dkt. 36 ¶ 1 (referee report filed March 12, 2015). On December 10, 2014, the Property was sold at auction to non-party 80P2L LLC (the "Second Owner") for $53,000. *Id.* ¶ 2; *see also* FAC ¶¶ 13, 23. On February 25, 2015, the Second Owner's deed was recorded. *See* Tiwari Decl., Ex. 5.

### c.   The First Quiet Title Action

On April 17, 2015, the Second Owner commenced a quiet title action (the "First Quiet Title Action"), also in New York State Supreme Court, against U.S. Bank's predecessor-in-interest to discharge the Mortgage. FAC ¶ 23; *see 802P2L LLC v. U.S. Bank Tr., N.A., ex rel. LSF9 Master Participation Tr.*, No. 153849/2015 (N.Y. Sup. Ct., N.Y. County), Dkt. 1. On September 15, 2016, U.S. Bank was substituted as sole defendant. FAC ¶ 24.

On September 4, 2019, the State Supreme Court granted the Second Owner's motion for summary judgment, and declared that the Mortgage "is hereby vacated, cancelled, and expunged from the public record, and is void and unenforceable against the [P]roperty." FAC ¶ 27; *see 802P2L LLC v. U.S. Bank Tr., N.A., ex rel. LSF9 Master Participation Tr.*, No. 153849/2015, 2019 WL 4192583 (N.Y. Sup. Ct. Sept. 4, 2019). Because the Mortgage as kept in the City Register's records lacked a notary stamp, the court explained, the Mortgage did not "contain[] a proper acknowledgement at the time it was presented to the Register" and was thus invalid under state law. *Id.* at *2.

On May 25, 2021, the First Department reversed. FAC ¶ 44; *see 802P2L LLC v. U.S. Bank Tr., N.A., ex rel. LSF9 Master Participation Tr.*, 150 N.Y.S.3d 23 (1st Dep't 2021). "The

3

parties do not dispute that the mortgage, as reflected in the records of the Office of the New York City Register, did not bear a notary stamp or any indication that the mortgage was properly acknowledged," the court explained. *Id.* at 24. But, because U.S. Bank had adduced undisputed evidence "that the mortgage was properly acknowledged when submitted for recording," including the "original inked mortgage containing the notary public's information," the court held that the "mortgage was entitled to be recorded and is considered recorded from the time of delivery to the Office of the New York City Register." *Id.* (cleaned up) (citation omitted). The court thus declared the Second Owner's interest in the Property "subject and subordinate to [the] [M]ortgage" and directed the Clerk "to enter judgment accordingly." *Id.*

### 3. The Sale to 134 Coventry

On January 27, 2021—that is, after the State Supreme Court's 2019 decision, but before the First Department's 2021 reversal—plaintiff 134 Coventry purchased the Property from the Second Owner for $386,700. FAC ¶ 29. A month later, on February 1, 2021, the deed was recorded. *Id.* ¶ 32.

### 4. This Case: The Second Quiet Title Action

On June 5, 2023, 134 Coventry commenced the instant quiet title action against U.S. Bank. Dkt. 1. It seeks a declaratory judgment that it is the rightful title holder of the Property under RPAPL §§ 1501(1) and 1501(4). The first section, § 1501(1), allows claimants to "compel the determination of any claim adverse to that of the plaintiff which the defendant . . . might make[]." RPAPL § 1501(1). Under it, 134 Coventry argues that "its interest in the [Property] is free and clear of the Mortgage, notwithstanding the Appellate Division Order," because "at the time title was conveyed" to 134 Coventry, "80P2L had the right to transfer or otherwise dispose of the [Property], unrestricted by the Mortgage." FAC ¶¶ 57, 60. The second section, § 1501(4),

allows claimants to maintain an action where "the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired." RPAPL § 1501(4). Under that section, 134 Coventry argues that U.S. Bank had six years to commence such an action once the Mortgage was due (which it alleges was in 2012) and that its failure to do so bars enforcement of the Mortgage. FAC ¶¶ 73–77.

The above events can be summarized as follows:

|  | **Plaintiff** | **Defendant(s)** | **Status** |
|---|---|---|---|
| **First Foreclosure Action (commenced in 2012)** | U.S. Bank | The First Owner and the Board | Judgment of foreclosure entered in 2016; sale noticed for January 2023, but unclear whether sale occurred |
| **Second Foreclosure Action (commenced in 2014)** | The Board | The First Owner | Judgment of foreclosure entered in 2014; sale at auction to the Second Owner, deed recorded in 2015 |
| **First Quiet Title Action (commenced in 2015)** | The Second Owner | U.S. Bank | Complaint dismissed upon appellate review in 2021, holding that the Second Owner's interest was subordinate to the Mortgage; before appellate decision, Property sold by Second Owner to 134 Coventry |
| **Second Quiet Title Action (*i.e.*, this case) (commenced in 2022)** | 134 Coventry | U.S. Bank | U.S. Bank has moved to dismiss, arguing that the Court must abstain in deference to the First Foreclosure Action |

### B.     Procedural Background

On January 9, 2023, 134 Coventry filed this action, asserting diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. On March 30, 2023, U.S. Bank moved to dismiss the complaint, Dkt. 18, and filed a memorandum of law in support, Dkt. 19. That same day, the Court directed plaintiffs to either amend their complaint or oppose U.S. Bank's motion to dismiss by April 20, 2023. Dkt. 20. On April 20, 2023, 134 Coventry filed an amended complaint. Dkt. 22 ("FAC"). On May 12, 2023, U.S. Bank moved to dismiss, Dkt. 25, and filed a memorandum of law in support, Dkt. 27 ("Def. Br."), with an attached declaration, Dkt. 26 ("Tiwari Decl."). On July 7, 2023, 134 Coventry filed a memorandum of law in opposition to U.S. Bank's motion. Dkt. 32 ("Pl. Br."). On August 11, 2023, U.S. Bank filed its reply. Dkt. 35 ("Def. Reply Br.").[2]

---

[2] On September 5, 2023, the Court *sua sponte* ordered supplemental briefing on the basis for federal jurisdiction in this case, given U.S. Bank's presence in this action solely in its capacity as trustee for the LSF9 Master Participation Trust (the "Participation Trust"), and 134 Coventry's assertion of diversity of citizenship as the sole basis for federal jurisdiction. Dkt. 36. Where a party is sued as a trustee, its citizenship—as opposed to that of its beneficiaries—may not be dispositive. That is because "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). And "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others," *id.* at 464; otherwise, a trust possesses "the citizenship of all its members," *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016). On October 11, 2023, in response, U.S. Bank filed a letter detailing its customary powers as trustee, including its ability to "conduct the business of the Participation Trust" and to manage its assets on behalf of the beneficiaries. Dkt. 39 at 1–2; *see also id.*, Ex. 1 ¶¶ 4–5 (declaration of Michael J. Paterno, senior litigation representative for Participation Trust's servicing agent). Based on this evidence, the Court accepts that U.S. Bank is "a real party to the controversy" under *Navarro*, such that its citizenship (Delaware) controls for diversity purposes. *See, e.g., U.S. Bank N.A. v. UBS Real Est. Sec. Inc.*, 205 F. Supp. 3d 386, 409–10 (S.D.N.Y. 2016) (collecting cases). Given that 134 Coventry's members are all citizens of New York, FAC ¶ 3, and that more than $75,000 is at issue in this case, *see id.* ¶ 10 (identifying value of the principal debt as $361,200), the Court has diversity jurisdiction over this action.

## II.     Legal Standards

### A.     Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss under Rule 12(b)(1), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006), but "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it," *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *see also Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). A district court may consider evidence outside the pleadings, such as affidavits and exhibits. *See Makarova*, 201 F.3d at 113.

### B.     Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. When resolving a motion to dismiss, the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). That tenet, however, does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678. Pleadings that offer only "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. Discussion

U.S. Bank moves to dismiss on two grounds. It moves to dismiss the FAC in its entirety under Rule 12(b)(1) pursuant to the abstention doctrine of prior exclusive jurisdiction. In the alternative, it moves to dismiss 134 Coventry's second cause of action, under RPAPL § 1501(4), for failure to state a claim under Rule 12(b)(6). The Court addresses each issue in turn.

### A. Prior Exclusive Jurisdiction

#### 1. Applicable Legal Principles

Under the doctrine of prior exclusive jurisdiction, "when one court is exercising in rem jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *see also Princess Lida v. Thompson*, 305 U.S. 456, 466–67 (1939). The doctrine is "not strictly speaking a rule of subject matter jurisdiction" but is instead "an abstention doctrine," *Carvel v. Thomas & Agnes Carvel Found.*, 188 F.3d 83, 86 (2d Cir. 1999), designed to ensure "the harmonious cooperation of federal and state tribunals," *Princess Lida*, 305 U.S. at 466; *see also Farmers' Loan & Tr. Co. v. Lake St. Elevated R. Co.*, 177 U.S. 51, 61 (1900). Thus, if two simultaneous suits "are *in rem*, or *quasi in rem*, the jurisdiction of [the second] court must yield to that of the first to consider the action." *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 191–92 (2d Cir. 2018) (cleaned up). But because of the prior exclusive jurisdiction doctrine's focus on "possession of the *res*," abstention is not required where one suit is *in personam* and "merely adjudicates rights in the *res*" but does not assert "possession" over it. *Id.* at 193.

**2.    Application**

U.S. Bank moves under Rule 12(b)(1) to dismiss plaintiffs' complaint as barred by the doctrine of prior exclusive jurisdiction.[3] Def. Br. at 6–9; Def. Reply Br. at 2–5.  In its view, this conclusion follows from two premises: (1) the First Foreclosure Action (an *in rem* action) is still pending; and (2) this quiet-title action is *in rem* or *quasi in rem*.  134 Coventry disputes both premises.  Pl. Br. at 14–16.  Because the First Foreclosure Action is no longer pending, defeating U.S. Bank's motion, the Court does not have occasion to consider whether this action should be characterized as *in rem*, *quasi in rem*, or *in personam*.

The First Foreclosure Action commenced in 2012 and was reduced to a final judgment of foreclosure and sale in 2016.  FAC ¶ 51; Tiwari Decl., Ex. 4.  The parties appear to agree that a sale has not occurred.  Def. Br. at 3–4; Pl. Br. at 3.  The question, then, is whether the unconsummated sale means that the First Foreclose Action is still pending.  U.S. Bank argues that a foreclosure action remains pending until "the assigned referee . . . convey[s] the Property in accordance with the Judgment of Foreclosure and Sale."  Def. Reply Br. at 5.

U.S. Bank is incorrect.  Under New York law, "[a]n action is deemed pending until there is a final judgment."  *Cooke-Garrett v. Hoque*, 970 N.Y.S.2d 81, 82 (2d Dep't 2013) (citing, *inter alia*, N.Y. C.P.R.L. § 5011); *see also, e.g.*, *Nationstar Mortg. LLC v. Lettman*, No. 603298/2020, 2023 WL 6379312, at *1 (N.Y. Sup. Ct. Sep. 18, 2023) (same).  A decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs*,

---

[3] Although prior exclusive jurisdiction is, technically speaking, an abstention doctrine, not a limitation on subject-matter jurisdiction, *see Carvel*, 188 F.3d at 86, a motion to dismiss based on abstention is properly analyzed under Rule 12(b)(1), *see, e.g.*, *Potente v. Capital One, N.A.*, 16 Civ. 3570 (DRH) (AYS), 2018 WL 1882848, at *2 (E.D.N.Y. Apr. 19, 2018) (collecting cases).

9

571 U.S. 177, 183 (2014); *see also Towley v King Arthur Rings*, 40 N.Y.2d 129, 132 (1976) ("A judgment is the law's last word in a judicial controversy, it being the final determination by a court of the rights of the parties upon matters submitted to it in an action or proceeding." (footnote omitted)). As the Second Circuit recently explained, the same rule applies with equal force "in the context of foreclosures." *RSS WFCM2018-C44—NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 59 F.4th 586, 590 (2d Cir. 2023). "Once a judgment of foreclosure and sale is entered, it is generally final because all that remains to be done is executing the judgment to enforce the rights and obligations that have been adjudicated"—that is, to sell the foreclosed property, and distribute the proceeds accordingly. *Id.* at 591 (cleaned up); *see also, e.g.*, *Feiber Realty Corp. v. Abel*, 265 N.Y. 94, 98 (1934) (same). Only when a judgment of foreclosure and sale "leave[s] undecided questions going to the merits of the dispute" ("such as the amount due upon the debt") is such a decision *not* final. *1442 Lexington Operating DE LLC*, 59 F.4th at 591 (cleaned up).

The judgment of foreclosure and sale in the First Foreclosure Action did not leave any undecided questions as to the merits. The judgment "ordered, adjudged, and decreed" that the Property be sold at public auction. Tiwari Decl., Ex. 4 at 5. It reaffirmed the appointment of the referee and tasked him with the sale. *Id.* And it "ordered, adjudged, and decreed" that U.S. Bank was owed $459,906.09 "as of August 8, 2015, plus a per diem interest for every day thereafter," and instructed the referee to also "pay to [U.S. Bank] the sum of $2,048.20 . . . for costs and disbursements . . . together with reasonable attorneys' fees in the sum of $3,737.50" once the sale occurred. *Id.* at 4, 6. That judgment thus brought the First Foreclosure Action to a definite conclusion. *Cf., e.g.*, *1442 Lexington Operating DE LLC*, 59 F.4th at 590 (judgment not final because district court's order left "unresolved the question of the amount due upon the

debt"); *McGourkey v. Toledo & O.C. Ry. Co.*, 146 U.S. 536, 545–46 (1892) (judgment not final where it "merely determine[d] the validity of the mortgage" and "direct[ed] the case to stand continued for further decree"); *Burlington, C.R. & N. Ry. Co. v. Simmons*, 123 U.S. 52, 54 (1887) (judgment not final where validity of lien "ha[d] been declared" but the precise amount due "ha[d] not been fixed").[4]  Indeed, even U.S. Bank concedes that the judgment "is a final adjudication of all questions at issue (or potentially at issue)" in the First Foreclosure Action. Def. Reply Br. at 10.  It is therefore unclear just what U.S. Bank believes the state court still must accomplish for the marathon proceedings (now at 12 years' duration) to come to an end.

To hold that such an action remained pending would be at odds with the purpose of the prior exclusive jurisdiction doctrine.  As the Supreme Court has explained, "abstention from the exercise of federal jurisdiction is the 'exception, not the rule.'"  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 82 (2013) (quoting *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 236 (1984)).  "The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) (citation omitted).  The prior exclusive jurisdiction doctrine "vests the court which has first acquired jurisdiction" over the *res* "with the power to hear and determine all controversies relating thereto" only "*for the time being*": it does not "disable[] other courts of co-ordinate jurisdiction from exercising a like power" in perpetuity.  *Farmers' Loan & Tr. Co.*, 177 U.S. at 61 (emphasis added).  Once the first court's duty is "fully

---

[4] That the referee retains certain "ministerial" functions (*i.e.*, the sale and "simple arithmetic calculation" of interest due to U.S. Bank) does not render the judgment non-final or keep the First Foreclosure Action alive.  *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996).

11

performed, and the jurisdiction involved is exhausted," other courts may step into the breach. *Kline v. Burke Const. Co.*, 260 U.S. 226, 231 (1922) (quoting *Baltimore & O.R. Co. v. Wabash R. Co.*, 119 F. 678, 678 (7th Cir. 1902)); *see also, e.g.*, *Bass v. Butler*, 258 F.3d 176, 179 (3d Cir. 2001) ("federal deference" is due "to ongoing, not completed, parallel state proceedings"). In this case, state court proceedings on the merits concluded more than seven years ago. The state court's job is done. If the judgment creditor (U.S. Bank) does not wish to collect on its debt, that is a matter for the judgment creditor. This Court poses no "threat . . . to the first court's basis for jurisdiction," *Leopard Marine*, 898 F.3d at 192 (citation omitted), as such jurisdiction came to a natural end when the first court "proceed[ed] with the cause and grant[ed] the relief sought," *Princess Lida*, 305 U.S. at 466. This Court cannot abstain in deference to litigation that is long dead.[5]

The Court thus denies U.S. Bank's motion to dismiss 134 Coventry's FAC on abstention grounds.

**B.    RPAPL § 1501(4)**

    **1.    Applicable Legal Principles**

RPAPL § 1501(4) allows a claimant to quiet title after "the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired." RPAPL

---

[5] For the same reason, abstention based on *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), is unwarranted. *Contra* Def. Br. at 9–11. "[F]ederal courts consider abstaining under *Colorado River* only in cases where there are *concurrent and simultaneous* federal and state proceedings." *Village of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (emphasis added); *see also, e.g.*, *Allstate Ins. Co. v. Longwell*, 735 F. Supp. 1187, 1192 (S.D.N.Y. 1990) (*Colorado River* abstention not appropriate when "there is no longer anything pending in the state courts"). Without an "underlying foreclosure action," there is "no underlying state judicial proceeding to be interfered with," and the Court cannot abstain under *Colorado River*. *Hicks v. Wells Fargo Bank, N.A.*, No. 19 Civ. 6253 (DGL), 2020 WL 3172771, at *2 n.3 (W.D.N.Y. June 15, 2020).

§ 1501(4). In New York, foreclosure actions are subject to a six-year statute of limitations, *see* CPRL § 213(4), which begins to run on the mortgage as a whole once the full sum is due, *see, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Mebane*, 618 N.Y.S.2d 88, 90 (2d Dep't 1994).

### 2.  Discussion

U.S. Bank moves to dismiss 134 Coventry's second cause of action, based on RPAPL § 1501(4), for failure to state a claim under Rule 12(b)(6). 134 Coventry alleges (and U.S. Bank concedes) that initiation of the First Foreclosure Action in 2012 accelerated the Mortgage and started the six-year clock on the debt as a whole. FAC ¶¶ 74–75; Def. Reply Br. at 7 & n.5. In 134 Coventry's view, the statute of limitations on the Mortgage thus ran in 2018, barring U.S. Bank from commencing another action to foreclose the Mortgage. FAC ¶ 76; *see also* Pl. Br. at 16–18. U.S. Bank responds that it is "well settled" under New York law "that where a timely-filed foreclosure action remains pending, as here, an action cannot be brought to quiet title under RPAPL § 1501(4)." Def. Br. at 18.[6]

As the Court has concluded, however, the First Foreclosure Action is no longer pending. Thus, were U.S. Bank correct that a quiet-title action cannot be brought during the pendency of a foreclosure action, such a rule would not have any bearing here. The precedents U.S. Bank cites for the contrary proposition are inapposite, as each one concerned a foreclosure action kept alive by virtue of a pending state-court appeal that left in doubt the trial court's disposition. In *Mizrahi v. U.S. Bank, N.A.*, 64 N.Y.S.3d 572 (2d Dep't 2017), the Second Department held that a

---

[6] In its reply, but not in its opening brief, U.S. Bank raises other issues that supposedly foreclose 134 Coventry's claim, including that 134 Coventry had "constructive notice" of the First Foreclosure Action and is thus bound by the judgment rendered therein. Def. Reply Br. at 7–10. "[A]rguments may not be made for the first time in a reply brief." *Manon v. Pons*, 131 F. Supp. 3d 219, 238 (S.D.N.Y. 2015) (citation omitted). U.S. Bank may raise these issues later, upon a properly supported motion for summary judgment.

foreclosure action, commenced in 2008, "was still pending and unresolved"—such that the plaintiff's quiet-title action could not proceed—because the lender had timely appealed the first court's 2012 dismissal of the foreclosure action. *Id.* at 573. And in *Gustavia Home LLC v. VVS1 Corp.*, No. 17 Civ. 4330 (ERK) (JO), 2019 WL 2527291 (E.D.N.Y. June 19, 2019), *aff'd*, 805 F. App'x 82 (2d Cir. 2020), Judge Korman similarly held that "the initial state foreclosure proceeding," filed in 2007, was "still pending because of the state court appeal," filed in 2017, challenging "the dismissal of the foreclosure action." *Id.* at *4–5. Neither case bears on the situation here: a state court proceeding that culminated in a final judgment of foreclosure and sale issued eight years ago, in which no appeal or further proceedings are contemplated. *Cf., e.g.*, *Singer v. Fed. Nat'l Mortg. Ass'n*, No. 19 Civ. 5992 (EKT) (AM), 2022 WL 5084785, at *11–12 (E.D.N.Y. Aug. 11, 2022), *report and recommendation adopted*, 2022 WL 5113373 (E.D.N.Y. Oct. 4, 2022) (distinguishing *Mizrahi* and *Gustavia* on similar grounds). Quite unlike *Gustavia*, there is no suggestion here that the claimant, 134 Coventry, seeks to "sneak in through the window created by a pending appeal to nullify [the lender]'s rights to the Property." *Gustavia*, 2019 WL 2527291, at *5.

U.S. Bank has had years to enforce its judgment. It has not pointed to any case, and the Court is aware of none, where an *unenforced* judgment of foreclosure and sale was deemed to bar a later-filed quiet-title action. Whether 134 Coventry is entitled to quiet title based on RPAPL § 1501(4) is thus a question that must be answered on the merits of its claim, not one that awaits the resolution of ongoing proceedings.

The Court thus denies U.S. Bank's motion to dismiss 134 Coventry's second cause of action.

15

## CONCLUSION

For the foregoing reasons, the Court denies U.S. Bank's motion to dismiss. U.S. Bank must answer the FAC by February 22, 2024. By separate order, the Court will schedule an initial pretrial conference. The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　*Paul A. Engelmayer*
　　　　　　　　　　　　　　　　　　　　　　Paul A. Engelmayer
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: February 1, 2024
　　　　New York, New York